S92A0708. YARBROUGH v. CITY OF CARROLLTON.
(421 SE2d 72)

CLARKE, Chief Justice.

Appellant Yarbrough opened a nightclub in Carrollton, Georgia, known as "The Club" in November 1990. In May 1991, Yarbrough began offering nude dancing as entertainment for patrons of The Club. On August 28, 1991, the City of Carrollton enacted three ordinances which restrict holders of licenses for the sale of alcoholic beverages from allowing certain forms of entertainment, including nude dancing, on their premises. Appellant filed this action for declaratory and injunctive relief, arguing that the ordinances in question are unconstitutional and cannot be enforced against him.

The trial court found that the ordinances in question are constitutional. Because we conclude that this case is controlled by our decision in *Harris v. Entertainment Systems,* 259 Ga. 701 (386 SE2d 140) (1989), we reverse.

At issue are three identical ordinances, each proscribing certain forms of conduct on the premises of a holder of a license for the sale of various alcoholic beverages. Sections D(3) and J(3) of the ordinances are virtually identical to OCGA § 3-3-41 (a) (3) which fell in *Harris,* supra. The remaining sections of the ordinances are subject to the same constitutional infirmities which this court found in the Act analyzed in *Harris.* The provision of the ordinance forbidding "any form of entertainment which consists of the wetting or soaking of the upper torso of a female or the pelvic areas of a male or female," would prohibit the showing of television programs depicting children wearing bathing suits in a swimming pool. As such, this section of the ordinance unnecessarily infringes on protected speech, and is unconstitutional. *Harris,* supra at 703.

We cannot accept the appellee's argument that the ordinances in this case are distinguishable from our decision in *Harris* because they seek to prohibit the sale of liquor where nude dancing is performed, while the Act at issue in *Harris* sought to prohibit nude dancing where alcohol is served. The ordinances provide that "no holder of a license for the sale of [alcoholic beverages] shall knowingly allow" certain conduct to occur on his premises. The ordinances clearly proscribe conduct involving the exposure of the human body where alcoholic beverages are sold. Because the ordinances are not so narrowly

drawn as to further their intent[1] without infringing on protected speech, they must fall. *Harris*, supra at 703.

Therefore the trial court erred in not declaring the ordinances unconstitutional and in not enjoining their enforcement against the appellant.

*Judgment reversed. Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur; Fletcher, J., dissents.*

FLETCHER, Justice, dissenting.

This court has determined that challenges to statutes under the freedom of speech clause of the Georgia Constitution, Art. I, Sec. I, Par. V, may be determined by applying analogous First Amendment standards. *Paramount Pictures Corp. v. Busbee,* 250 Ga. 252, 255, n. 5 (297 SE2d 250) (1982); *Harris v. Entertainment Systems,* 259 Ga. 701, 702 (386 SE2d 140) (1989).

The majority in the present case concludes that this case is controlled by *Harris,* supra. However, in 1989, when *Harris* was decided, this court did not have the benefit of the United States Supreme Court's decision in *Barnes v. Glen Theatre,* __ U. S. __ (111 SC 2456, 115 LE2d 504) (1991). Because I am of the opinion that the City of Carrollton's ordinance is drawn narrowly enough to fit within the guidelines set forth in *Barnes* and that, unlike the statute at issue in *Harris,* Carrollton's ordinance does not violate the third prong of the test enunciated by this court in *Paramount Pictures,* 250 Ga. 256,[2] I respectfully dissent.[3]

DECIDED OCTOBER 6, 1992.

*Head, Head & Covington, James B. Head, Thomas E. Maddox, Jr.,* for appellant.
*William J. Wiggins,* for appellee.

---

[1] As in *Harris* the intent underlying the ordinances is not stated. We assume, as we did in *Harris,* that the governmental interest to be furthered is "the prevention of the otherwise illegal activity found to be associated with establishments offering nude dancing and alcohol." 259 Ga. at 703.

[2] While the main body of the ordinance in question was adopted in 1985, the provision which the majority finds offensive was added by amendment in 1992 and applies only to establishments licensed to sell alcoholic beverages by the drink for consumption on the premises. The ordinance limits such licenses to "bona fide eating establishment[s]" which are well defined by the ordinance.

[3] I am also compelled to agree with the dissent of Justice Weltner in *Harris.*